employ as a brakeman, in which position he had been engaged more than a year. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

John W. Lyon, for appellant.

Lewis E. Carr, for respondent.

BARNARD, P. J. Arthur McNeil, on the 2d of December, 1888, was killed by being run over by the moving cars of defendant. The deceased was a brakeman in the employ of defendant, and the accident to him happened while he was engaged in switching cars. The deceased stepped between moving cars to disconnect them, and his foot was caught between the guard rail and the main rail. The negligence claimed on the part of defendant is that the company did not block the guard rail, which is done by placing in the open space between the two rails something which would prevent the foot of an employe from being caught between the two rails. The rule is that an employe assumes the risk of the employment. Kern v. Refining Co., 125 N. Y. 50, 25 N. E. Rep. 1071; Davidson v. Cornell, 132 N. Y. 228, 30 N. E. Rep. 573. The master is not bound to furnish the best kind of appliances, or to give an extreme character to the structure, so as to insure safety. The measure of duty is reasonable care. The evidence tended to show that some guard rails were blocked, and some not. The case cannot be distinguished from the case of Appel v. Railroad Co., 111 N. Y. 550, 19 N. E. Rep. 93. The nonsuit was therefore right, and the judgment should be affirmed, with costs. All concur.

---

HORTON v. BARNES et al.

(Supreme Court, General Term, Second Department. July 28, 1893.)

DISCOVERY—EXAMINATION BEFORE TRIAL—SUFFICIENCY OF MOVING AFFIDAVIT.
    Where an order for the examination of one of defendants before trial is based on the complaint and answer, as well as on the affidavit of plaintiff's attorney, and every allegation in the affidavit made on information and belief is contained in the complaint, such order will not be set aside on the ground that "the sources of affiant's information are not disclosed," or that the allegations in the affidavit "as to plaintiff's intentions and allegations are not corroborated by plaintiff."

Appeal from special term, Kings county.

Action by Isabella Horton against William Barnes and William Wainwright to recover damages for personal injuries sustained while lawfully using a certain apparatus kept by defendants for the amusement of the public, known as a "Razzle Dazzle," and caused by defendants' negligence. From an order denying their motion to set aside an order for the examination of defendant Wainwright before trial, defendants appeal. Affirmed.

Plaintiff filed a verified complaint, in paragraph 2 of which she alleges that, as she is informed and believes, at the time of her injury, defendants were the owners or lessees of a certain apparatus for the use and amusement of the public, commonly known as a "Razzle Dazzle," and that they had possession, control, and management of such apparatus. Defendants filed a verified answer, in which the allegations of paragraph 2 of the complaint are denied. Afterwards, plaintiff moved for the examination of defendant Wainwright before trial, the moving affidavit being made by her attorney. After reciting the nature of the action, and the substance of the allegations of the complaint and answer, the affidavit states that deponent further says that the testimony of defendant Wainwright is material and necessary to prove what interest or control of such razzle dazzle defendant had at the time of the injuries aforesaid, and deponent deems it material and necessary to examine defendant ·Wainwright in advance of the trial of this action, for the purpose of obtaining admissions of said facts in issue, and to dispense with the necessity of procuring witnesses to establish facts which may be admitted by defendant on such examination. Deponent alleges, on information and belief, that all the facts above alleged are within the personal knowledge of defendants, and that it is material and necessary for plaintiff to ascertain what control defendant had of the razzle dazzle mentioned in the complaint; that the testimony of defendant Wainwright is therefore necessary and material to the plaintiff, for use at the trial of this action. Plaintiff desires and intends to use the said testimony at the trial for the purpose of proving that defendants Wainwright and Barnes had possession and control of the razzle dazzle at the time alleged in the complaint, and were the owners thereof.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Raphael J. Moses, Jr., for appellants.
Roswell H. Carpenter, for respondent.

PRATT, J. This is an appeal from an order made at special term, denying defendants' motion to set aside an order for the examination of the defendant Wainwright before trial. The motion was made on certain grounds particularly specified in defendants' notice of motion. It is unnecessary to refer to but two of them,—the third (that "the sources of the affiant's information are not disclosed") and the fourth, (that "the allegations as to plaintiff's intentions and allegations are not corroborated by the plaintiff.") The answer to both of these grounds is that the order for defendant's examination is based on the pleadings, as well as the affidavit of plaintiff's attorney. Every allegation in the affidavit that is alleged on information and belief is contained in the complaint. In our opinion, the papers on which the order was granted were sufficient, and the motion to set aside the order was properly denied. The order appealed from should be affirmed, with costs. All concur.